## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| B.L., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:15-CV-1327 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| MARIROSA LAMAS, *et al.*, | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## DOC DEFENDANTS' BRIEF IN SUPPORT OF RULE 12 MOTION

### Background

Plaintiff identifies himself as B.L., an inmate currently incarcerated within the Pennsylvania Department of Corrections (DOC) at the State Correctional Institution (SCI) at Benner Twp. Plaintiff filed the present complaint through counsel. This case arises from Plaintiff's allegations that he was sexually harassed and abused by Defendant Zong at various times between August 2013 and June 2014. In addition to Zong and 3 Does, Plaintiff sued the moving 18 DOC Defendants.

DOC Defendants waived service and are timely filing a motion under Rule 12. Plaintiff served Zong by Sheriff. Thereafter, Plaintiff improperly sought a default judgment against Zong. *42 USCS § 1997e*; *Thomas v. Lawler*, 2012 U.S. Dist. LEXIS 86240 (M.D. Pa. June 21, 2012). The motion was later dismissed.

This brief is filed in support of the Rule 12 motion.

## Statement of the Questions Presented

1.      Should the complaint be dismissed for failure to name all parties?

Suggested answer: Yes.

2.      Should several Counts and DOC Defendants be dismissed?

Suggested answer: Yes.

## Argument

Rule 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). While a complaint attacked by a motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. *Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005).

When considering a motion to dismiss under rule 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable

to the plaintiff. *Id.* The motion should be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *Id.* However, the court need not credit either bald assertions or legal conclusions in a complaint when deciding a motion to dismiss. *Id.*

### 1. The complaint should be dismissed for failure to name all parties.

Plaintiff's complaint merely identifies himself as B.L. The rules provide that the title of the complaint must name all parties. *F.R.C.P. 10(a).* Rule 10 illustrates the principle that judicial proceedings are to be conducted in public. *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011). The people have a right to know who is using their courts. *Id.* A plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings. *Id.*

The factors which support the use of pseudonymous litigation are as follows: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price

of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives. *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997).

On the other side of the scale, the factors which militate against the use of a pseudonym are as follows: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *Id.*

DOC Defendants believe Plaintiff's identity has not been kept confidential where he is named in the criminal complaint and affidavit of probable cause filed against Zong. Disclosure cannot be reasonably feared where DOC employees at SCI-Benner Twp. already are aware of the nature of Plaintiff's interactions with Zong. There is no public interest in maintaining Plaintiff's identity confidential where he is an adult male serving a sentence for murdering his girlfriend. It cannot be said there is an atypically weak public interest in knowing the identity of Plaintiff. It is Plaintiff's choice to risk an adverse outcome should he refuse to plead his

identity. DOC Defendants believe there is no legitimate reason for Plaintiff to use a pseudonym.

Opposition to using a pseudonym is legitimate where it is believed Plaintiff has already been identified in the public record in the criminal case filed against Zong. Given the number of defendants and the breadth of the claims, there is a particularly strong public interest in knowing the litigant's identities. There is universal public interest in access to the identities of litigants. *Doe v. Megless.* DOC Defendants' Rule 12 motion should be granted and the complaint dismissed. *Doe v. Old Forge Borough,* 2015 U.S. Dist. LEXIS 85902 (M.D. Pa. July 1, 2015).

2. Several Counts and DOC Defendants should be dismissed.

In Count II, Plaintiff raises a state-created danger claim under the Eighth Amendment against 8 of the DOC Defendants. To make out a state-created danger claim under § 1983, Plaintiff must establish: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen

or that rendered the citizen more vulnerable to danger than had the state not acted at all. *Bright v. Westmoreland County*, 443 F.3d 276 (3d. Cir. 2006).

Based on the facts as pled, Plaintiff cannot satisfy the fourth element with respect to most of Count II. That is, Plaintiff charges the 8 named DOC Defendants in Count II with a variety of inaction such as failing to equip, train, upgrade security and allowing Zong to work in the Unit. Most of these allegations do not involve affirmative action taken by DOC Defendants. Thus, any claim based on inaction should be dismissed.

The only claim in Count II that alleges affirmative action is the allegation that Lamas and Glunt assigned Plaintiff to work in a Chapel where an inmate had been sexually abused. Given the number of inmates and staff at Rockview, one prior case of sexual abuse in the Chapel cannot possibly establish foreseeability to support a state created danger claim. Therefore, Count II should be dismissed.

In Count III, Plaintiff raises an invasion of privacy claim under the Fourth Amendment against 6 of the DOC Defendants. The basis for this claim appears to be the allegation that DOC Defendants engaged in a wagering pool using social media as to what was going on between Plaintiff and Zong and how long until Zong was caught. Plaintiff failed to plead sufficient facts as to the type of social media used, by which DOC Defendant and the dates that each event occurred and which

6

DOC Defendants were involved. DOC Defendants are unable to answer and defend without more detail.

In any event, the Fourth Amendment provides the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. *USCS Const. Amend. 4.* DOC Defendants fail to understand how the allegations against them about wagering on social media amount to a search or seizure. Therefore, Count III should be dismissed.

Similarly, in Counts V, VI and VII, Plaintiff raises a failure to intervene, supervise and train claim under the Fourth and Eighth Amendments against 14 DOC Defendants. The alleged sexual abuse is sufficient to state an Eighth Amendment claim for failure to intervene against the named 8 DOC Defendants in Count V. However, where the allegations do not constitute a search or seizure, the Fourth Amendment claims in all 3 Counts should be dismissed.

A supervisor's mere failure to train, supervise or discipline subordinate officers does not state a basis for a §1983 claim against the supervisor absent proof of direct participation by the superior in some unlawful conduct. *Hallman v. Stitt,* 2012 U.S. Dist. LEXIS 57216 (M.D. Pa. February 13, 2012). To hold a supervisor liable, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an

unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice. *Beers-Capitol v. Whetzel*, 256 F.3d 120 (3d Cir. 2001).

Plaintiff may state an Eighth Amendment claim against DOC Defendants Harpster and Rogers in Count VI for failure to supervise. However, as to Lamas, Glunt, Ferguson, Garman and Salamon, DOC Defendants would note that Plaintiff failed to identify a specific policy that created an unreasonable risk of injury. Other than conclusory allegations, Plaintiff failed to adequately plead DOC Defendants were aware of such a risk, were indifferent and alleged injuries resulted from the policy.

Finally, to the extent Plaintiff is trying to hold Garman, Salamon or Dooley liable under a *Monell* claim, DOC Defendants would note that they are not an institutional, municipal or local government entity. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Thus, any *Monell* claim should not apply. Therefore, the Eight Amendment claims in Counts VI, VII against the DOC Defendants as stated above should be dismissed.

In Count VIII, Plaintiff raises retaliation and due process claims under the First and Fourteenth Amendments against 5 DOC Defendants.

In order for Plaintiff to state a claim for retaliation, he must prove: 1) the conduct which led to the retaliation was constitutionally protected; 2) he suffered some adverse action that is sufficient to deter a person of ordinary firmness from exercising that right; and 3) there is a causal link between the exercise of the constitutional right and the adverse action. *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001). Plaintiff has the initial burden of proving that the constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him. *Id.* Then the burden shifts to DOC Defendants to prove by a preponderance of the evidence that they would have taken the same action anyway. *Id.*

Inmates may not be deprived of life, liberty or property without due process of law. *Burns v. Pennsylvania Department of Corrections*, 642 F.3d 163 (3d Cir. 2011).

DOC Defendants submit Plaintiff failed to plead he was engaged in constitutionally protected conduct so as to raise a retaliation claim. That is, he did not file a grievance or complaint or engage in free speech which led to adverse action. Therefore, the retaliation claim should be dismissed. Similarly, it is not clear what liberty interest the 5 DOC Defendants deprived Plaintiff of. Plaintiff is not entitled to the prison, housing unit, cell or wage of his choosing. Therefore, Count VIII should be dismissed.

In Count IX, Plaintiff raises an equal protection claim a under the Fourteenth Amendment against 11 DOC Defendants.  The Equal Protection Clause requires all persons similarly situated to be treated alike by state actors.  *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985).  Plaintiff must allege that: (1) he is a member of a protected class; (2) he was treated differently from similarly situated persons outside of his protected class; and (3) the resultant discrimination was purposeful or intentional rather than incidental.  *Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410 (3d Cir. 2000).

Plaintiff failed to state an equal protection claim where his allegations are conclusory.  He failed to sufficiently identify his class and how he was treated differently from similarly situated persons outside the class.  Moreover, declining to discipline Zong or inadequate training in general fail to state an equal protection claim.  Therefore, Count IX should be dismissed.

In Count X, Plaintiff raises a Free Exercise claim a under the First Amendment against 2 DOC Defendants.  To establish a violation of the Free Exercise Clause Plaintiff must show that DOC Defendants prevented him from engaging in his religion without any justification reasonably related to legitimate penological interests.  *Williams v. Sec'y Pa. Dep't of Corr.*, 450 Fed. Appx. 191 (3d Cir. 2011).  Plaintiff alleges interference due to his work assignment in the Chapel

with Zong.  Even if the allegation were true, it hardly establishes Plaintiff could not worship his religion outside of work.  As for the transfer to another prison, Plaintiff is not entitled to the religious advisor of his choice.  *Gittlemacker v. Prasse*, 428 F.2d 1 (3d Cir. 1970).  Therefore, Count X should be dismissed.

In Count XI, Plaintiff raises a religious claim a under RLUIPA against 15 DOC Defendants.  RLIUPA does not provide for monetary damages.  *Small v. Wetzel*, 528 Fed. Appx. 202 (3d Cir. 2013).  Furthermore, Plaintiff's transfer to SCI-Benner Twp. renders this claim moot.  *Wills v. USP-Canaan*, 2014 U.S. Dist. LEXIS 74264 (M.D. Pa. January 28, 2014).  Therefore, Count XI should be dismissed.

In Count XV, Plaintiff raises a defamation claim against 5 DOC Defendants. These 5 DOC Defendants worked at Rockview.  Plaintiff was transferred to Benner Twp. on June 13, 2014.

The statute of limitations for a defamation cause of action is one year.  *42 Pa.C.S. § 5523*; *Dellape v. Murray*, 651 A.2d 638 (Pa. Cmwlth. 1994).  The events giving rise to the claim against them would have occurred prior to June 13, 2014. Plaintiff filed this action on July 3, 2015.  Thus, the claim is time barred.

A claim for defamation requires Plaintiff to establish: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its

application to the plaintiff; (4) the understanding by the recipient of the defamatory meaning; (5) the understanding by the recipient that the statement refers to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a constitutionally privileged occasion. *42 Pa.C.S. § 8343*; *Dempsey v. Bucknell Univ.*, 76 F. Supp. 3d 565 (M.D. Pa. January 5, 2015).  In order to be actionable, the words must be untrue, unjustifiable, and injurious to the reputation of another. *Joseph v. Scranton Times L.P.*, 959 A.2d 322, 334 (Pa. Super. 2008).  Plaintiff failed to plead facts showing injury to his reputation.  Additionally, Plaintiff cannot plead the truth of the allegations concerning him and Zong and then claim DOC Defendants publishing them is defamatory.  That is, to be defamatory, Plaintiff would be admitting the allegations regarding he and Zong were untrue.  Therefore, Count XV should be dismissed.

In Count XVI, Plaintiff raises an invasion of privacy claim against 6 DOC Defendants.  The statute of limitations for a defamation cause of action is one year. *42 Pa.C.S. § 5523*; *McClure v. City of Harrisburg*, 2014 U.S. Dist. LEXIS 137085 (M.D. Pa. September 29, 2014).  The events giving rise to the claim against them would have occurred prior to June 13, 2014.  Plaintiff filed this action on July 3, 2015. Thus, the claim is time barred.

The basis for this claim is the allegation that these DOC Defendants had a betting pool among themselves or staff at Rockview about the conduct alleged interactions between Zong and Plaintiff. The elements of the tort are: (1) publicity, given to (2) private facts, (3) which would be highly offensive to a reasonable person and (4) is not of legitimate concern to the public. *Harris v. Easton Pub. Co.*, 483 A.2d 1377 (Pa. Super. 1984). A cause of action for invasion of privacy will be found where a major misrepresentation of a person's character, history, activities, or beliefs is made that could reasonably be expected to cause a reasonable man to take serious offense. *Donnachie v. Frank S. Falzone & Assoc. PPLC*, 2010 U.S. Dist. LEXIS 81352 (M.D. Pa. August 11, 2010). In addition, there must be widespread dissemination, and communication to only a few will not suffice. *Id.*

Plaintiff failed to sufficiently plead widespread dissemination where the communications occurred among themselves or at most Rockview staff. Plaintiff failed to plead any misrepresentation of facts. Again, if Plaintiff is going to allege the interaction with Zong occurred, he cannot later bring a state tort action that requires proof of falsehoods. Finally, the claims made are of a legitimate public concern where they allegedly occurred in a state prison and led to criminal charges. Therefore, Count XV should be dismissed.

In sum, for purposes of this stage of the proceeding only, as against the 18 DOC Defendants, DOC Defendants concede Plaintiff adequately pled:

Count 5, 8th Amendment failure to intervene against the 8 named DOC Defendants;

Count 6, 8th Amendment failure to supervise against 2 of the named DOC Defendants;

Count 14, Intentional Infliction of Emotional Distress against the 13 named DOC Defendants.

## <u>Conclusion</u>

**WHEREFORE**, DOC Defendants respectfully request that the Motion be granted.

Respectfully submitted,

By:   /s/ Vincent R. Mazeski
Vincent R. Mazeski
Assistant Counsel
Attorney I.D. No. PA73795
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7763
Fax No.:  (717) 728-0307
Email: vmazeski@pa.gov

Dated:  September 4, 2015

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

B.L.,                                       :
                                            :
        Plaintiff,                          :        Civil Action No. 3:15-CV-1327
                                            :
        v.                                  :        (Judge Mariani)
                                            :
MARIROSA LAMAS, *et al.*,                   :        (Magistrate Judge Carlson)
                                            :
        Defendants                          :

## CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the foregoing Brief upon Defendant, Rebecca Zong, 607 Belle Avenue, Boalsburg, PA  16827, and that this document has been filed electronically and is available for viewing and downloading from the ECF system by Counsel for Plaintiff and thus satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.R. 5.7.*

/s/Renee L. DiCarlo
Renee L. DiCarlo
Legal Assistant I
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7763

Dated:  September 4, 2015