FILED
SCRANTON

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SEP 14 2015

_____
DEPUTY CLERK

B.L. Plaintiff,

v.

Marirosa Lamas, et.al.,

Defendants

Civil Action NO. 3:15CV1327

Honorable Judge Mariani

To whom it may concern and the Honorable Judge Mariani,

    Please forgive the unofficial nature of my responses due to the fact that I am representing myself fully in this case. I am requesting that the following motions be dropped.

    Count I, XII, XIII, XIV, are all statements made now in contradiction to the criminal case, docket number CR-453-2014 Commonwealth v. Rebecca Amber Zong, where the Plaintiff was named a victim. Statements and letters in this case were made under oath. Placing statements such as the ones in this civil case would be admitting the allegations in the criminal case regarding myself and the plaintiff was untrue, and therefore counts I, XII, XIII, XIV should be dismissed.

    Count III, IV, and XVI, Prisoners do not have the right to expect privacy in a prison setting. Court decisions have established that prison officials can properly monitor and record prisoners' conversations, provided that the prisoner and the visitor are warned that this will be done. Prison officials cannot intrude upon conversations that are legally afforded confidentiality, such as those between the prisoner and the prisoner's attorney or spouse.

In *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984), the Supreme Court declared that prisoners do not have a **Fourth Amendment** right to be free of unreasonable SEARCHES AND SEIZURES of their property because the Fourth Amendment is inapplicable to them. Additionally, in criminal case docket #CR-453-2014, no evidence was found or provided to make this motion true. Therefore count III should be dismissed.

Count VIII, states that I, Rebecca Zong, deprived the plaintiff of his basic rights to his cell and threatened him into compliance. The Equal Protection Clause of the 14th Amendment has been held to apply to prison inmates. Prisoners are therefore protected against unequal treatment on the basis of race, sex, and creed. Additionally, the Model Sentencing and Corrections Act provide that a confined person has a protected interest in freedom from discrimination on the basis of race, religion, national origin, or sex. The Plaintiff has failed to provide reasons that he was discriminated against for these reasons therefore count VIII should be dismissed.

Count X, Plaintiff raises a Free Exercise claim under the First Amendment against myself and 2 other DOC defendants. To establish a violation of the Free Exercise Clause plaintiff must show that DOC Defendants Prevented him from engaging in his religion without any justification reasonably related to legitimate penological interests. Williams v. Sec'y Pa Dept. of Corr., 450 fed. Appx. 191 (3d Cir.2001) Plaintiff alleges interference due to his work assignment in the Chapel while I was on duty. Even if the allegation were true, it hardly establishes plaintiff could not worship his religion outside of work. Therefore count X should be dismissed.

Count XI, Plaintiff raises a religious claim under RLUIPA against myself and 15 other DOC defendants. RLUIPA does not provide for monetary damages. Small v. Wetzel, 528 Fed. Appx. 202 (3rd Cir 2013). Furthermore, plaintiff's transfer to Benner Renders this claim moot. Wills v USP-canaan, 2014 U.S. Dist. LEXIS 74264 (M.D. Pa. January, 28,2014. Therefore count XI should be dismissed.

Respectfully Submitted,

Rebecca Zong

Self Representation

607 Belle Ave.

Boalsburg, PA 16827

(814)880-9664

Rebecca Long
607 Belle Ave
Boalsburg, PA 16827

RECEIVED
SCRANTON
SEP 14
DEPUTY CLERK

JOHNSTOWN PA 159
11 SEP 2015 PM 3 T

1850181148

Clerk of U.S. District Court
P.O. Box 1148
Scranton, PA 18501