# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN LANDAU,** | : | Civil No. 3:15-CV-1327 |
| | : | |
| | : | **(Judge Mariani)** |
| **Plaintiff** | : | |
| | : | **(Magistrate Judge Carlson)** |
| v. | : | |
| | : | |
| **REBECCA AMBER ZONG, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I. Factual Background

In the ordinary course of litigation, deposition scheduling is a fairly mundane and routine task in which parties cooperatively set the time and place for discovery. This, unfortunately, is not an ordinary case and we are now called upon to assist the parties in determining where the plaintiff's depositions of certain defendants should take place.

This is a §1983 civil rights action brought by Brian Landau, a state inmate, against some 20 correctional defendants, arising out of allegations by Landau that he was sexually harassed and abused by a female correctional officer at SCI Rockview in 2013 and 2014, and that other correctional staff failed to intervene and protect Landau from this conduct. The parties are now engaging in discovery,

and a dispute has arisen regarding where the depositions of certain defendants should take place. Unlike most disputes of this type, which typically involve remote and disparate deposition venues, here the contest between the parties entails a distance of approximately 40 miles between the preferred venue of plaintiff's counsel, Huntingdon, Pennsylvania, and the location preferred by the defendants, SCI Rockview, Bellefonte, Pennsylvania.

This dispute has ripened into a motion for protective order, filed by the defendants, seeking that the court direct that these depositions occur at SCI Rockview, or granting other relief. (Doc. 107.) The motion is fully briefed by the parties, (Docs. 108 and 109), and is, therefore, ripe for resolution.

For the reasons set forth below, the motion for protective order will be denied.

**II. Discussion**

At the outset, we note for the parties a basic truth. Given the relatively minor geographic space which divides the parties on this issue, it is regrettable that the parties could not reach an agreement on a deposition venue. The short distance between these two proposed venues also means that, unlike most cases of this type where the selection of a deposition venue works a significant hardship on some party, neither party faces an overwhelming hardship as a result of the choice that we make for all parties today.

Having noted these basic truths, we also observe that it is well-settled that: "The court has considerable discretion in determining the place of a deposition." Philadelphia Indem. Ins. Co. v. Fed. Ins. Co., 215 F.R.D. 492, 495 (E.D. Pa. 2003); see Aerocrine AB v. Apieron Inc., 267 F.R.D. 105, 108 (D. Del. 2010) ("[D]istrict courts have great discretion in designating the location of a deposition, 'and thus each application must be considered on its own facts and equities.'" (quoting South Seas Catamaran, Inc. v. The Motor Vessel "Leeway", 120 F.R.D. 17, 21 (D.N.J. 1988))). The exercise of this discretion is guided, however, by certain principles. Included among these guiding principles is the idea that "the examining party may generally set the place for the deposition of another party where he or she wishes, subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place." Stemrich v. Zabiyaka, 1:12-CV-1409, 2013 WL 1127484, at *2 (M.D. Pa. Mar. 18, 2013) (citing 7 Wright et al., Federal Practice & Procedure, § 2122).

While the parties have devoted great attention in their briefs to presenting their contrasting views regarding the relative inconvenience of these two proposed deposition venues, which are separated by less than one hour's drive from one another, in the final analysis we find that the weighing of these competing considerations does not tilt so profoundly in the defendants' favor to warrant discounting entirely the examining party's expressed preferred venue. Therefore,

3

we will not disturb the putative designation of Huntingdon, Pennsylvania as the venue for the plaintiff's depositions of these defendants. Likewise, absent a compelling showing of prejudice, we would not anticipate disturbing any reasonable selection by the defendants of venues for taking depositions of the plaintiff or any of the plaintiff's witnesses.

An appropriate order follows.

### III. Order

AND NOW this 10th day of October, 2017, upon consideration of the Defendants' motion for protective order (Doc. 107) which would have prescribed the place of the plaintiff's depositions of certain defendants as SCI Rockview, Bellefonte, Pennsylvania, the defendants' preferred location, instead of Huntingdon, Pennsylvania, the situs preferred by the plaintiff, this motion is DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge