# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN LANDAU,** | : | Civil No. 3:15-CV-1327 |
| | : | |
| | : | **(Judge Mariani)** |
| **Plaintiff** | : | |
| | : | **(Magistrate Judge Carlson)** |
| v. | : | |
| | : | |
| **REBECCA AMBER ZONG, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I. Factual Background

In the ordinary course of litigation deposition scheduling is a fairly mundane and routine task in which parties cooperatively set the time and place for discovery. This, unfortunately, is not an ordinary case and we are now invited upon to assist the parties in determining when the plaintiff's depositions of certain defendants and witnesses should take place.

This is a §1983 civil rights action brought by Brian Landau, a state inmate, against some 20 correctional defendants, arising out of allegations by Landau that he was sexually harassed and abused by a female correctional officer at SCI Rockview in 2013 and 2014, and other correctional staff failed to intervene and protect Landau from this conduct. The parties are engaging in discovery, and a

dispute has arisen regarding when the depositions of certain defendants and witnesses should take place. This dispute has ripened into a motion to compel filed by the plaintiff, seeking that the court direct the scheduling of these depositions and award monetary sanctions to plaintiff's counsel. (Doc.120.) Attached to the motion are 15 pages of correspondence documenting the fruitless deposition scheduling efforts that took place in this case. While each party adopts its own characterization of these communications, for the court when they are read as a whole the communications simply reflect that defense counsel responded to a series of requests for short-notice scheduling of depositions in October of 2017 by stating that the immediate dates suggested by plaintiff's counsel were not feasible, but offering alternate dates on or after November 13, 2017. Such give-and-take is a regular aspect of the practice of law, and the search for mutually agreeable dates should not be a task that demands the court's intervention. Further, the irony of motions practice in this case relating to the scheduling of these depositions is that this motion to compel was filed on November 13, the date that defense counsel initially offered for these depositions, and the motions briefing has now taken us beyond the November 13 date proposed by defense counsel.

In short, had the parties agreed upon that date proposed by the defense, these depositions would have likely been completed three weeks ago without this motions practice. Nonetheless, rather than complete this give-and-take, the parties

find themselves briefing a motion to compel. On December 5, 2017 this motion to compel became fully briefed by the parties, (Docs. 121, 126, and 128) when Landau filed a reply brief. Therefore, this motion is now ripe for resolution.

For the reasons set forth below, this motion to compel will be denied.

**II.   Discussion**

At the outset, we note for the parties a basic truth. It is regrettable that the parties could not reach an agreement on deposition dates. Indeed, we believe it would have been far more timely and efficient for the parties to have simply continued a conversation aimed at agreeing upon a date for these depositions than spending weeks litigating a motion to compel. Nonetheless, the parties could not agree, and so it falls to the court to help them chart a course for discovery.

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
> 
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and

3

judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves

4

substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. One of these guiding tenets is that in the first instance counsel should be civil and cooperative in their attempts to schedule depositions. See generally Sprague v. Indep. Bank, No. 2:16-CV-88-FTM-29CM, 2016 WL 6778931, at *3 (M.D. Fla. Nov. 16, 2016). In this case, regrettably counsel were not able to cooperatively complete this deposition scheduling, but our review of the communications attached to the plaintiff's motion to compel does not support any particular attribution of blame for this scheduling failure. Instead, we are convinced that the parties simply resorted prematurely to motions practice, rather than continuing to identify mutually convenient dates for these depositions. This conclusion is underscored and bolstered by the fact that this motion to compel was not even filed until November 13, the date for depositions proposed by defense counsel. Therefore, acceptance of that November 13 date in lieu of sanctions litigation, could have saved all parties time and effort, and would have avoided needless delay. Having reached these conclusions, we will deny this motion to compel, but will prescribe a process for cooperative deposition scheduling moving forward.

An appropriate order follows.

### III. **Order**

And now this 7th day of December, 2017, IT IS ORDERED as follows:

1. The plaintiff's motion to compel (Doc. 120), is DENIED without prejudice.

2. The parties are ORDERED to engage in a mutually cooperative deposition scheduling process exchanging dates and times for depositions in this matter with an eye towards reaching an agreed upon deposition schedule on or before **December 28, 2017**.

3. If counsel are unable to reach an agreement on a deposition schedule by December 28, each party will tender a proposed schedule to the court, and the court will set a deposition schedule.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge