# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| BRIAN LANDAU, | : | Civil No. 3:15-CV-1327 |
| --- | --- | --- |
| | : | |
| | : | (Judge Mariani) |
| Plaintiff | : | |
| | : | (Magistrate Judge Carlson) |
| v. | : | |
| | : | |
| MARIROSA LAMAS, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a §1983 civil rights action brought by Brian Landau, a state inmate, against some 20 correctional defendants, arising out of allegations by Landau that he was sexually harassed and abused by a female correctional officer at SCI Rockview, Defendant Rebecca Zong, in 2013 and 2014, and other correctional staff failed to intervene and protect Landau from this conduct. The parties are engaging in what has been a halting, and often contentious, course of discovery. While we have commended to all parties the value of mutually cooperative discovery we have also reiterated that we stand ready to assist the parties in resolving their current discovery disputes, which include a series of motions to

compel filed by the plaintiff which seeks further supplementation of prior discovery responses.

Our rulings on these motions have now inspired correspondence from plaintiff's counsel which reflects some basic confusion on counsel's part, confusion which we are pleased to clarify for all parties. In this correspondence plaintiff's counsel apologizes for what she perceives to be annoyance she has caused; voices an unfounded fear that counsel's approach to this litigation has in fact caused annoyance; speculates regarding the court's "cultural preconceptions;" asks if the court intends to follow the Federal Rules; seeks guidance on whether court deadlines should be interpreted as mandatory or aspirational; and suggests after years of litigation that counsel may withdraw from this representation. (Doc. 141.)

We are constrained to clarify a number of matters for counsel. First, in our view no counsel have need or cause to apologize for their advocacy in this litigation. Litigation is a process of creative conflict, a clash of ideas. Disputes are inevitable in litigation, and the resolution of those disputes is the task of the court. As part of this process, while we are obliged to speak directly and candidly to all counsel, plaintiff's counsel errs in assuming annoyance based upon our rulings or candor with counsel. Although we have informed counsel that there may be other more productive and cooperative ways of resolving some disputes, nothing in this

guidance is meant to convey, or should be construed as conveying, annoyance with any counsel. Furthermore, nothing in our rulings should be deemed in any fashion as implying that any counsel should withdraw from this case. Quite the contrary, we regard all counsel in this case as zealous and effective advocates for their respective clients.

All counsel should appreciate, however, that deadlines set by the court, while subject to revision at the request of counsel in accordance with the needs of the litigation, are mandatory and the court expects all counsel to comply with the federal rules. Yet as the parties strictly comply with these rules they should remain mindful of the animating principle behind the rules which provides that: "They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Therefore, all counsel should strive to avoid adopting rule interpretations which override common sense or cause needless expense or delay in litigation. Further, counsel need not speculate about "cultural preconceptions" outside the record since all counsel may rest assured that the court's rulings are based solely upon our understanding of the law and the facts.[1]

---

[1] Likewise we note that counsel's correspondence indicates that counsel has been haunted by a previously unexpressed fear that the identification of Defendant Zong in the caption of court orders reveals some subtle "emotional and perceptual distortions that may color our understanding of sexual predation by a woman against a man." (Doc. 141.) This is a peculiar concern, and one which reads an

3

Finally, to the extent that any party believes we have misunderstood or misperceived a matter of importance in this litigation, all parties are encouraged to file motions for reconsideration of specific rulings.

We look forward to continuing to work with all counsel to achieve a prompt and fair resolution of this case. Towards that end, plaintiff's counsel has suggested in her correspondence that she would benefit from a conference in this case following a medical procedure she will undergo in late December, 2017.[2] In accordance with the wishes of plaintiff's counsel, and in order to accommodate counsel's schedule, this request is GRANTED and IT IS ORDERED that a status conference will be held in this case on **January 8, 2018 at 10:00 a.m**. to discuss any remaining outstanding issues in this litigation. Unless the parties request an in-person conference, this will be a telephonic case management conference and the

---

astonishing degree of psycho-sexual content into the caption of this case. With respect to this suspicion by counsel, the truth is far simpler and more prosaic. The first motion we addressed in this case was a motion for default filed by plaintiff's counsel against defendant Zong. (Docs. 9 and 11.) Since that motion related to defendant Zong, our order denying the motion listed Zong in the caption, and we have simply cut and pasted that caption on subsequent orders entered in this case, unaware that plaintiff's counsel was freighting this simple expedient with all sorts of secret meaning as evidence of emotional and perceptual distortions. In order to allay this curious concern, however, we have—and will—alter the caption of future orders so counsel need not speculate about some hidden meaning in the case caption.

[2] We appreciate counsel notifying us of this matter and will do all that is in our power to ensure that counsel enjoys a swift and complete convalescence and recovery. All counsel should rest assured that we will work closely with counsel to accommodate their personal and professional needs.

plaintiff shall initiate the call, ensuring that all parties are on the telephone line, before contacting the Court at telephone number 717-614-4120.

So ordered this 13th day of December, 2017.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge