## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN LANDAU,** | : | **Civil No. 3:15-CV-1327** |
| | : | |
| | : | **(Judge Mariani)** |
| **Plaintiff** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **v.** | : | |
| | : | |
| **REBECCA AMBER ZONG, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I.     Factual Background

This is a §1983 civil rights action brought by Brian Landau, a state inmate, against some 20 correctional defendants, arising out of Landau's allegations that he was sexually harassed and abused by a female correctional officer at SCI Rockview, Defendant Rebecca Zong, in 2013 and 2014, and other correctional staff failed to intervene and protect Landau from this conduct. The parties are engaging in what has been an often contentious course of discovery, frequently marked by disputes that counsel could seemingly resolve with a modicum of mutual accommodation.

One of these disputes relates to defense access to the prison medical records of the plaintiff and what steps need to be taken under the federal Health Insurance

Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191, 110 Stat. 1936 (codified, as amended, in scattered sections of 42 U.S.C.), to preserve patient confidentiality while ensuring access to these records.

The regulations which implement these patient privacy provisions allow for disclosure of patient records with the patient's written authorization, a protective court order, or a stipulation of confidentiality by the party requesting the records. 45 C.F.R. § 164.512(e). We have urged the parties to reach a stipulation regarding medical record access, and while all parties profess a complete commitment to protecting medical record confidentiality, they have been unable to reach an agreement on the terms of a stipulation. These unsuccessful efforts have now inspired the latest motion for protective order and for sanctions by the plaintiff, which seeks relief in the form of an order prohibiting the defendants from using medical records until they execute the plaintiff's proposed stipulation, and seeks an award of attorneys' fees. (Doc. 159.)

In the exercise of our discretion, we decline the invitation of the plaintiff to monetarily sanction the defendants over a good faith dispute regarding the terms of a proposed stipulation. While it is entirely regrettable that the parties have not been able to reach agreement on the terms of a stipulation, we are not prepared to treat their disagreement as sanctionable misconduct. Therefore we will DENY this aspect of the plaintiff's motion.

Further, while we agree with the plaintiff that the parties must have some settled protocol for handling this medical information, the relief that Landau seeks—an order forbidding access to this information until the defendants sign the plaintiff's proposed stipulation—is inappropriate in our view.[1] Instead, we choose another path. Accordingly, IT IS ORDERED that this motion is GRANTED in part in that the parties shall submit competing proposed protective orders governing the confidentiality of this medical information to the court for its review on or before **March 12, 2018**. The court will then fashion the protective order it deems appropriate in this matter to govern this aspect of discovery.

So ordered this 23d day of February, 2018.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

---

[1] Indeed, the inequity of this proposed relief, which would effectively compel the defendants to sign a stipulation which they oppose, can be easily illustrated by considering some of the other means of medical record access authorized by HIPAA's implementing regulations. 45 C.F.R. § 164.512(e) allows for disclosure of patient records with the patient's written authorization, a protective court order, or a stipulation of confidentiality by the party requesting the records. If, as plaintiff suggests, we could force the defendant to sign a stipulation they oppose, by the same logic we could just as easily compel Landau to sign an authorization which he might oppose. Rather than taking either of these extreme courses, we will simply follow the third path endorsed by the regulations, and will craft an appropriate protective order with the input of the parties.