# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN LANDAU,** | : | Civil No. 3:15-CV-1327 |
| | : | |
| | : | **(Judge Mariani)** |
| **Plaintiff** | : | |
| | : | **(Magistrate Judge Carlson)** |
| v. | : | |
| | : | |
| **REBECCA AMBER ZONG, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a §1983 civil rights action brought by Brian Landau, a state inmate, against some 20 correctional defendants, arising out of Landau's allegations that he was sexually harassed and abused by a female correctional officer at SCI Rockview, Defendant Rebecca Zong, in 2013 and 2014, and other correctional staff failed to intervene and protect Landau from this conduct. The parties are engaging in what has been an often contentious course of discovery, frequently marked by disputes that counsel could seemingly resolve with a modicum of mutual accommodation. One of these disputes relates to defense access to the prison medical records of the plaintiff and what steps need to be taken under the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA),

Pub. L. 104-191, 110 Stat. 1936 (codified, as amended, in scattered sections of 42 U.S.C.), to preserve patient confidentiality while ensuring access to these records.

The regulations which implement these patient privacy provisions allow for disclosure of patient records with the patient's written authorization, a protective court order, or a stipulation of confidentiality by the party requesting the records. 45 C.F.R. § 164.512(e). We have urged the parties to reach a stipulation regarding medical record access, and while all parties profess a complete commitment to protecting medical record confidentiality, they have been unable to reach an agreement on the terms of a stipulation. These unsuccessful efforts have now inspired the latest motion for protective order and for sanctions by the plaintiff, which seeks relief in the form of an order prohibiting the defendants from using medical records until they execute the plaintiff's proposed stipulation, and seeks an award of attorneys' fees. (Doc. 159.)

In the exercise of our discretion, we declined the invitation of the plaintiff to monetarily sanction the defendants over a good-faith dispute regarding the terms of a proposed stipulation. Instead, we ordered the parties to submit competing proposed protective orders governing the confidentiality of this medical information to the court for its review on or before March 12, 2018.

We have now reviewed these protective orders, and based upon our review, we enter the following qualified protective order in this case pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R.§ 164.512(e)(1):

1. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

2. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information to parties in this action and the parties may make use of such information in this litigation, subject to the following conditions. While the parties have disputed in the past whether the requirements of HIPAA apply to medical staff and units of the Department of Corrections, it is the intention of this order that these procedures also govern disclosure of protected medical information in the possession, custody or control of the Department of Corrections' medical units and staff.

3. The parties shall not use or disclose the protected health information for any purpose other than this litigation. 42 C.F.R. § 164.512(e)(1)(v)(A). In this regard, the parties and their attorneys shall be permitted to use or disclose the protected health information solely for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process. Prior to disclosing protected health information to persons involved in this litigation, counsel shall inform each such person that this protected health information may not be used or disclosed for any purpose other than this litigation, and disclosure will only be permitted to those persons and entities who agree to this limitation on the dissemination and use of protected health information. Counsel shall take all other reasonable steps to ensure that persons receiving protected health information do not use or disclose such information for any purpose other than this litigation.

4. Counsel will notify one another of any receipt or disclosures of protected health information pursuant to this protective order, and shall disclose all receipt and dissemination of protected health information which has occurred prior to the entry of this protective order, identifying who has received any protected health information, and the nature of the protected health information disclosed.

5. The parties may only obtain medical records or information from covered entities through formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process, or pursuant to this qualified protective order, which authorizes the Department of Corrections medical staff to release information to counsel pursuant to this order, provided that all parties receive notice of any disclosure in accordance with the terms of this order. The plaintiff may also authorize further disclosures and uses of his protected health information beyond those expressly authorized by this order, provided that the plaintiff also complies with the disclosure provisions of this order.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to this order, shall either return any protected health information to the covered entity or destroy any and all copies of protected health information pertaining, *except* that counsel are not required to secure the return or destruction of protected health information submitted to the court. 42 C.F.R. § 164.512(e)(1)(v)(B). All parties shall certify to one another and to the court that all protected health information has either been returned or destroyed in accordance with this order at the co0cnlusion of this litigation.

7. Before any party refers to protected health information in any filing with the court, the parties shall confer and discuss whether the protected health

information should be filed under seal. If the parties cannot agree upon the sealing of protected health information, the party seeking sealing of particular information shall move to seal that information, and the court will determine whether the information should be sealed.

8. Except as provided for in this order, this order does not control or limit the use of protected health information that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

9. In order to permit the parties to focus on merits litigation, IT IS ORDERED that any requests for sanctions stemming out of prior alleged disclosures of health information shall be deferred pending the completion of merits litigation in this case.

10. Any request to modify this order shall be made in writing with an accompanying brief, and shall only be made after the parties meet and confer regarding the necessity of any modification of this qualified protective order.

So ordered this 12th day of March, 2018.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge