# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN LANDAU, :
:
    Plaintiff, : Civil Action No. 3:15-CV-1327
:
v. : (Judge Mariani)
:
MARIROSA LAMAS, *et al.*, : (Magistrate Judge Carlson)
:
    Defendants :

## BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT

### STATEMENT OF THE CASE

**A.**    **Identity of the Parties and Statement of Claim**

Plaintiff is Brian Landau, an inmate incarcerated within the Pennsylvania Department of Corrections (DOC). The twenty DOC Defendants are Lamas, Glunt, Ferguson, Garman, Salamon, Tice, Hoover, Vance, Evans, Dooley, Gallo, Young, Harpster, Rogers, Bumbarger, Foster, Nicholas, Cienfuegos, Snyder and Miller. The non-DOC Defendant is Rebecca Zong.

This civil action arose while Plaintiff's was at SCI-Rockview and SCI-Benner Twp. from August 2013 through September 2014.

**B.**    **Relevant Procedural History**

Plaintiff filed this action through counsel on July 3, 2015 while incarcerated at SCI-Benner Twp. DOC Defendants filed an answer with affirmative defenses

which includes failure to exhaust administrative remedies. Defendant Zong filed an answer with affirmative defenses which includes failure to exhaust administrative remedies.

**C.     Statement of Facts**

The amended complaint brings eight federal causes of action, some against DOC Defendants, some against Zong and some both. Plaintiff essentially claims he was sexually harassed, abused and raped by Defendant Zong while at SCI-Rockview between late August 2013 and May 14, 2014. Plaintiff contends DOC Defendants are liable for Zong's actions and his subsequent treatment under a variety of legal theories.

The DOC has an Inmate Grievance System (Grievance Policy) that provides an administrative procedure through which inmates can seek resolution of problems, including monetary relief, DC-ADM 804. If informal resolution fails, the Grievance Policy provides a three-step process for resolution of inmate grievances: the initial grievance at the institutional level, an appeal to the Facility Manager (Superintendent) and an appeal for final review to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). DC-ADM 804 provides that the inmate shall identify individuals directly involved in the event.

While Plaintiff was at SCI-Rockview and SCI-Benner Twp. in 2013, 2014 and 2015, he filed seven grievances during this time-period. Prior to July 3, 2015,

Plaintiff only filed one grievance that was appealed to final review, grievance number 538074. Grievance number 538074 is dated November 19, 2014 and involved an incentive based transfer and verbal harassment. No other grievances were appealed to final review during this time-period.

Plaintiff contends he exhausted administrative remedies by making verbal and written reports under DC-ADM 008 and filing grievances under DC-ADM 804 and appealing them as far as possible. During the relevant time-period, DC-ADM 008 was titled Sexual Harassment of or Sexual Contact with Inmates. Inmates could report sexual harassment under DC-ADM 008. DC-ADM 008 does not provide any remedies.

Plaintiff testified he reported his troubles with Zong to COs Cienfuegos, Bumbarger and Goodwell. Plaintiff did not report to these officers any issues with DOC Defendants or raise any other claims about them. Effective May 1, 2014, DC-ADM 804 excluded grievances for sexual abuse.

## QUESTION PRESENTED

With one exception, should Defendants be granted summary judgment on the federal claims where Plaintiff failed to properly exhaust available administrative remedies?

Suggested Answer: Yes.

## ARGUMENT

Summary Judgment is proper where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(a)*. When deciding the existence of a genuine dispute of material fact, courts will award all reasonable inferences to the non-moving party. *Meyer v. Riegel Products Corp.*, 720 F.2d 303 (3d Cir. 1983). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Material facts are those that could affect the outcome of the proceeding, and a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party. *Roth v. Norfalco*, 651 F.3d 367 (3d Cir. 2011).

**With one exception, Defendants should be granted summary judgment on the federal claims where Plaintiff failed to properly exhaust available administrative remedies.**

The Prison Litigation Reform Act (PLRA) provides, in pertinent part, as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *42 U.S.C. § 1997e(a)*. The present action involves

4

prison conditions. At the time of filing, Plaintiff was a prisoner confined in a correctional facility. Thus, the PLRA applies.

Application of this section is mandatory. *Porter v. Nussle*, 534 U.S. 516 (2002). Exhaustion, for these purposes, requires "proper" exhaustion. *Woodford v. Ngo*, 548 U.S. 81 (2006). In order to properly exhaust, prisoners must complete the administrative review process in accordance with the applicable procedural rules of the prison grievance process. *Jones v. Bock*, 549 U.S. 199 (2007). Prison grievance procedures supply the yardstick for measuring procedural default. *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004). Unexhausted claims may not be considered by the courts. *Jones*.

To be sure, the United States Supreme Court reiterated the exhaustion requirement recently. *Ross v. Blake*, 136 S.Ct. 1850 (2016). In *Ross*, the Court rejected a special circumstances exception created by the courts. *Id.* In doing so, the Court stated the PLRA foreclosed judicial discretion. *Id.* The only issue is whether an administrative remedy was available. *Id.* The Court stated available means capable of use to obtain some relief for the action complained. *Id.* Finally, when an administrative process is susceptible of multiple interpretations, an inmate should err on the side of exhaustion. *Id.*

The DOC's Grievance Process, DC-ADM 804, mandates that three procedures must be completed for an inmate to exhaust his administrative

5

remedies. *37 Pa. Code § 93.9; DC-ADM 804.* First, the Grievance Officer must review the inmate's grievance. Second, the Facility Manager must review the inmate's appeal of the Grievance Officer's decision. Third, and finally, the Secretary's Office of Inmate Grievances and Appeals must review the inmate's appeal of the Facility Manager's decision.

Each of the procedures must be completed for an inmate to be considered to have exhausted his administrative remedies. There is no exception for alleged futility. *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000). Finally, DC-ADM 804 provides that the inmate shall identify individuals directly involved in the event.

During the relevant time-period, Plaintiff filed 7 grievances. Thus, Plaintiff was aware of the grievance system and it was available. However, Plaintiff only appealed 1 grievance to final review. Moreover, grievance 538074 involved an incentive based transfer. Thus, it is irrelevant to the federal claims pending against Defendants.

To the extent the grievance did mention verbal harassment at SCI-Benner Twp. due to the sexual abuse claim, it is still irrelevant. Verbal harassment is not unconstitutional. *Thower v. Collins*, 2013 U.S. Dist. LEXIS 23829 (M.D. Pa. January 31, 2013). Plus, Plaintiff failed to name any Defendant as a perpetrator of harassment. *Rivera v. Josephwicz*, 2017 U.S. Dist. LEXIS 109627 (M.D. Pa. July 13, 2017)(The uncontroverted evidence establishes that Rivera failed to name

6

Defendants Walsh, Pall, and Gordon in his grievance. ... Consequently, Defendants Walsh, Pall, and Gordon are entitled to an entry of summary judgment in their favor on this ground.); *Adderly v. Eidem*, 2016 U.S. Dist. LEXIS 110878 (M.D. Pa. August 18, 2016)(Adderly's complete failure to timely identify Officer Eidem in connection with any excessive force grievances in February 2010 constitutes a material procedural default on his part, and compels dismissal of these claims.).

Thus, with the one exception noted below, Plaintiff failed to exhaust available administrative remedies with respect to the federal claims against Defendants. Accordingly, they should be granted summary judgment on these claims.

Plaintiff's attempt to comply with the exhaustion requirement through DC-ADM 008 should be rejected. DC-ADM 008 is not an administrative remedy. It provides no remedy at all. Moreover, Plaintiff's own testimony indicates he notified 3 COs only of his problems with Zong. Thus, Plaintiff did not report any issues involving DOC Defendants.

The one exception to Plaintiff's failure to exhaust involves the 1 claim against Zong that arose on May 14, 2014 from the Chapel. That is because DC-ADM 804 was changed effective May 1, 2014 to exclude grievances for sexual abuse. Therefore, after May 1, 2014, Plaintiff was no longer required to grieve the

alleged sexual abuse by Zong.

In sum, the record is absent of any evidence that Plaintiff raised his federal claims against DOC Defendants through any administrative process. Indeed, Plaintiff's own testimony forecloses this possibility. Thus, DOC Defendants should be granted summary judgment on the federal claims.

As to Defendant Zong, only the May 14, 2014 claim arising from the Chapel is excused from the exhaustion requirement.

## CONCLUSION

**WHEREFORE**, in light of the foregoing, Defendants respectfully request this Court to grant the joint motion for partial summary judgment.

Respectfully submitted,

By: /s/ Vincent R. Mazeski
Vincent R. Mazeski
Assistant Counsel
Attorney I.D. No. PA73795
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7763
Fax No.: (717) 728-0307
Email: vmazeski@pa.gov

/s/ Wayne E. Bradburn Jr.
Wayne E. Bradburn Jr.
Attorney I.D. No. PA 70227
Decker Bradburn
919 University Drive, Suite 3
State College, PA 16801-4012
(717) 578-7942
Fax No.: (814) 826-2964
Email: webradburn@comcast.net

Dated: June 11, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN LANDAU, | : |
| Plaintiff, | : Civil Action No. 3:15-CV-1327 |
| v. | : (Judge Mariani) |
| MARIROSA LAMAS, *et al.*, | : (Magistrate Judge Carlson) |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that the within Brief has been filed electronically and is available for viewing and downloading from the ECF system by Counsel for Plaintiff and Counsel for Defendant Zong and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.R. 5.7.*

/s/ Vincent R. Mazeski
Vincent R. Mazeski
Assistant Counsel
Attorney I.D. No. PA73795
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7763

Dated: June 11, 2018