# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN LANDAU,** | : | Civil No. 3:15-CV-1327 |
| | : | |
| | : | **(Judge Mariani)** |
| Plaintiff | : | |
| | : | **(Magistrate Judge Carlson)** |
| v. | : | |
| | : | |
| **MARIROSA LAMAS, et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

### I.  Factual Background

This is a §1983 civil rights action brought by Brian Landau, a state inmate, against some 20 correctional defendants, arising out of allegations by Landau that he was sexually harassed and abused by a female correctional officer at SCI Rockview, Defendant Rebecca Zong, in 2013 and 2014, and other correctional staff failed to intervene and protect Landau from this conduct. Over the past three years, the parties engaged in what has often been a halting, and contentious, course of litigation, a course of litigation which after a series of delays has led us to the close of fact discovery and the filing of defense summary judgment motions.

Presently there are three motions for summary judgment pending in this case. (Docs. 170, 174, 178.) Two of these motions are captioned as joint motions

filed on behalf of all defendants; (Docs. 170, 174), the third motions is filed on behalf of all correctional defendants except for Defendant Zong. The plaintiff has now moved to strike the joint motions and exhibits, (Docs. 170-77, 182): (1) arguing that the inclusion of some personal data in three exhibits filed with the motions was improper and violated a prior protective order of the court;[1] (2) insisting that the three motions were redundant and prejudicial; and (3) questioning whether all defendants could properly join in those motions that were captioned as joint motions. (Doc. 183.) With respect to this motion to strike, Landau urges immediate action by the court and notes that, "[t]ime is of the essence," given the merits briefing schedule for these motions.

**II.  Discussion**

Because we agree with the plaintiff's counsel that a prompt resolution of this matter is appropriate, we are taking the following steps to ensure that there is no further, undue delay in the litigation of this case: First, to the extent that the plaintiff contends that he has been injured by the inappropriate inclusion of personal and medical information in the exhibits filed at Docket Number 182, and believes that the redaction of those documents has not cured this prejudice, we will provisionally order Docket No. 182 SEALED.

---

[1] On this score, we note that when the defendants were notified of Landau's concerns regarding their original exhibits, they endeavored to cure this concern by filing redacted exhibits. Landau nonetheless regards even these redacted exhibits as violative of the protective order.

The Third Circuit Court of Appeals has "recognized a right of access to judicial proceedings and judicial records, and this right of access is 'beyond dispute.'" Littlejohn v. Bic Corp., 851 F.2d 673, 677-78 (3d Cir. 1988) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1066 (3d Cir. 1984)). Indeed, the Third Circuit has noted that the act of filing a document in federal court carries with it the "presumptive right of public access." Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 161-62 (3d Cir. 1993). Nevertheless, courts do retain a measure of discretion in entering orders to seal litigation records, approve confidentiality agreements, and enter protective orders where the public disclosure of certain material may "work a clearly defined and serious injury to the party seeking closure." Publicker Indus. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984). The party requesting a sealing order must demonstrate this harm with specificity, and "'[b]road allegations of harm unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)). The burden of justifying the entry of a confidentiality order is on the party requesting the order. Id. at 786-87.

In determining whether good cause exists to justify sealing any judicial records, courts are to engage in a balancing process involving consideration of

multiple factors. One of the primary factors, naturally, is a party's interest in privacy, and in appropriate cases it is proper "for courts to order confidentiality to prevent the infliction of unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection." Pansy, 23 F.3d at 787. This factor is diminished in importance where the party seeking the protective order is a public official, or where the information regards important matters of public health and safety. Id. at 788. Conversely, if a case involves private parties "and concerns matters of little legitimate public interest," that factor weighs in favor of a grant of confidentiality. Id.

Recognizing the personal and medical nature of the information set forth in the 3 two-page exhibits that comprise Docket Number 182, in the exercise of our discretion we find that sufficient grounds exist to seal this document to guard against further risk of embarrassment or unnecessary invasion of the plaintiff's privacy in health-related matters. Accordingly, IT IS HEREBY ORDERED THAT the Clerk of Court shall place under seal Docket Number 182 in the record of this case. IT IS FURTHER ORDERED THAT this Order is entered without prejudice to the right of any third party to seek to have the sealing order lifted upon a showing of good cause.[2]

---

[2] Of course, in the unlikely event that we received an unsealing request relating to this document we would provide the plaintiff with notice and an opportunity to be heard before acting upon any such request.

Having sealed this document, and addressed the issue of on-going prejudice to the plaintiff, we DENY this motion to strike these pleadings entirely. Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R.Civ. P. 12(f).

" 'The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.' McInerney v. Moyer Lumber and Hardware, Inc., 244 F.Supp.2d 393, 402 (E.D.Pa.2002)." Natale v. Winthrop Res. Corp., No. CIV. A. 07-4686, 2008 WL 2758238, at *14 (E.D. Pa. July 9, 2008). While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions

to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). "Because a motion to strike is not favored, a court will generally not grant such a motion unless the material to be stricken bears no possible relationship to the controversy and may cause prejudice to one of the parties. See Hanover Ins. Co., 619 F.Supp.2d at 133; Miller v. Group Voyagers, Inc., 912 F.Supp. 164, 168 (E.D.Pa.1996)." Zaloga v. Provident Life & Acc. Ins. Co. of Am., 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009).

In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). For purposes of Rule 12(f): "'Immaterial matter is that which has no essential or important relationship to the claim for relief. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Scandalous matter has been defined as that which improperly casts a derogatory light on someone, most typically on a party to the action. Scandalous

pleading must "reflect cruelly" upon the defendant's moral character, use "repulsive language" or "detract from the dignity of the court." ' Donnelly v. Commonwealth Fin. Sys., No. 07–CV–1881, 2008 WL 762085, at *4 (M.D.Pa. Mar. 20) (internal citations omitted)." Zaloga v. Provident Life & Acc. Ins. Co. of Am., 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009).Moreover, consistent with this sparing approach urged by the courts with respect to motions to strike, those "pleadings" that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief–as opposed to other forms of pleadings– typically will not be considered a "pleading" which is properly the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill. 1993), citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D.Ill.1982).

Judged against these standards, and mindful of the fact that we have sealed the exhibits identified by Landau as objectionable, we do not find that the two joint summary judgment motions, in their entirety, are both prejudicial and redundant, immaterial, impertinent, or scandalous. On this score, we conclude that any potential prejudice stemming from these filings has been largely mitigated by our sealing order. Furthermore, the briefs which are encompassed in Landau's motion

to strike typically are not the class of filings which are routinely the subject of motions to strike. See Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill. 1993), citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D.Ill.1982). Moreover the allegations set forth in the remaining pleadings are not immaterial, impertinent, or scandalous in our view. Rather, they state potential legal defenses which should be addressed in order to allow this litigation to proceed forward in an orderly fashion. Finally, to the extent that Landau believes that there may be an inappropriate degree of redundancy to these motions, the plaintiff may raise this concern in his response to the summary judgment motions. We also recognize that for Landau one concern may be that the number of these filings may require additional time for the plaintiff to prepare responsive pleadings. Accordingly, upon request we would favorably consider reasonable extensions of time to file merits responses to these summary judgment motions. We will not, however, strike the motions since motions to strike are clearly disfavored and granting this motion is unnecessary given the other relief provided to the plaintiff. Therefore, we DENY the motion to strike these pleadings.

Finally, we note that the plaintiff's motion to strike appears to have been inspired, in part, by the plaintiff's belief that the filing of these summary judgment

motions, and the handling of the exhibits attached to the motions, was inappropriate and sanctionable. To the extent that the plaintiff believes this conduct to be sanctionable, and to warrant a sanction beyond the actions we have taken, Landau may file an appropriate motion for sanctions, at the conclusion of merits briefing on these summary judgment motions.

An appropriate order follows.

### III. Order

AND NOW, this 26th day of June, 2018, in accordance with the accompanying memorandum, IT IS ORDERED that the plaintiff's motion to strike (Doc. 183), is DENIED, but IT IS FURTHER ORDERED that the Clerk of Court shall place under seal Docket Number 182 in the record of this case. IT IS FURTHER ORDERED THAT this Order is entered without prejudice to the right of any third party to seek to have the sealing order lifted upon a showing of good cause. In addition, IT IS ORDERED that upon request we would favorably consider reasonable extensions of time for the plaintiff to file merits responses to these summary judgment motions. Finally, IT IS ORDERED that to the extent that the plaintiff believes this conduct to be sanctionable, and to warrant a sanction beyond the actions we have taken, Landau may file an appropriate motion for sanctions, at the conclusion of merits briefing on these summary judgment motions.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge