## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN LANDAU,                          :
                                       :
    Plaintiff,               :    Civil Action No. 3:15-CV-1327
                                       :
    v.                       :    (Judge Mariani)
                                       :
MARIROSA LAMAS, *et al.*,              :    (Magistrate Judge Carlson)
                                       :
    Defendants                :

## DEFENDANTS' JOINT BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE (CONSENT)

## BACKGROUND

Plaintiff is Brian Landau, an inmate incarcerated within the Pennsylvania Department of Corrections (DOC). Remaining DOC Defendants are 6 present or former corrections officers. Separate remaining Defendant Zong is a former corrections officer. Plaintiff's remaining claims stem from alleged sexual abuse by Zong from October 2013 to May 2014.

Plaintiff's credibility will be an important issue at trial where he claims he was abused and raped by Zong and DOC Defendants were aware of such abuse and did nothing to protect him. Zong and DOC Defendants deny Plaintiff's claims of sexual abuse, rape and awareness, etc. Additionally, Defendants contend Plaintiff consented to any sexual activity that occurred between he and Zong.

Consistent with the rules of evidence, Defendants seek the Court to permit the introduction of certain evidence by Defendants, Plaintiff's consent to sexual relations with Zong and his description of their relationship and his feelings.

## **ARGUMENT**

**The Court should permit Defendants to introduce evidence of Plaintiff's consent to sexual relations with Zong and his description of their relationship and his feelings.**

Plaintiff seeks to preclude introduction of evidence concerning Plaintiff's consent to sexual relations with Zong, his description of their relationship, his feelings and the affirmative defense of consent. In support of precluding consent and related evidence, Plaintiff cites to the *Sharkey* case. *E.D. v. Sharkey*, 928 F.3d 299 (3d Cir. 2019). Defendants read *Sharkey* differently. *Sharkey* actually supports Defendants' view that the issue of consent is factual and a question for the jury. Especially when reviewing the filings and opinion in the lower court.

In *Sharkey*, E.D., an immigration detainee, filed suit against Sharkey, the Center, the County and other individual employees due to sexual relations between E.D. and Sharkey. Defendants moved for summary judgment. The District Court granted in part and denied in part. Defendants filed an interlocutory appeal challenging the District Court's conclusion that E.D. pled the violation of a known constitutional right, that the BCRC employees and supervisor were not entitled to qualified immunity, and that a factfinder could reasonably find Berks County liable

for Sharkey's conduct.   The Third Circuit affirmed.  *E.D. v. Sharkey*, 928 F.3d 299

(3d Cir. 2019).

The Third Circuit analyzed the qualified immunity argument and stated the

right to "not be sexually assaulted by a state employee while in confinement" was

clearly established at the time of Sharkey's conduct.  *Id*.  The decision also stated

"We agree with the District Court that the evidence regarding whether the sexual

intercourse was consensual "presents a sufficient disagreement to require

submission to a jury," and therefore constitutes a genuine dispute of material fact.

*Id*.  The Court also stated "However, given the findings of the District Court, … ,

we question whether the issue of consent will be deemed relevant at trial.  The

Court found that E.D. was "detained" and that, under ICE policies and standards,

as well as Pennsylvania law, any sexual contact between a staff member and a

detainee constitutes sexual abuse *regardless of consent*. We find, therefore, the

Court's factual findings support its ruling that E.D. sufficiently pled a due process

rights violation by alleging she and Sharkey had sexual contact, notwithstanding its

finding that whether she consented to the contact is in dispute." *Id*.

The Third Circuit affirmed the denial of qualified immunity for the

individual Defendants and the denial of their motion for summary judgment and

remanded the case for trial so that the liability of the parties may be decided by a

factfinder.  *Id*.  Thus, the issue of the availability of a consent defense was not

squarely before the Court nor specifically decided.  However, the Court did note

the issue is for the jury or fact finder.  *Id*.  At most, the Court merely questioned

the relevance given the lower court's findings.

As far as the lower court's findings, the decision reads "The motion for

summary judgment, insofar as it seeks to have judgment entered on behalf of the

County Defendants as to the plaintiff's failure to protect claim under the Fourteenth

Amendment to the United States Constitution, is DENIED because there are

genuine disputes as to material facts which preclude the entry of judgment as a

matter of law.  *E.D. v. Sharkey*, 2018 U.S. Dist. LEXIS 241313 (E.D. Pa. March

27, 2018).  In footnote 3 the lower court states "In accordance with Rule 56(a),

there are genuine issues of material fact concerning, *inter alia*, (1) whether the

plaintiff and Daniel Sharkey had a consensual sexual relationship.  *Id*.  In footnote

7, the lower court states "and (2) the issue of whether the plaintiff's relationship

with Daniel Sharkey was consensual raises a genuine issue of material fact.".  *Id*.

In sum, the *Sharkey* opinions do not support Plaintiff's contention that consent is

precluded as a defense.

The Third Circuit filed *Sharkey* on July 1, 2019.  *E.D. v. Sharkey*, 928 F.3d

299 (3d Cir. 2019).  On August 1, 2019, this Court adopted the Magistrate Judge's

Report and Recommendation denying Defendants' motion for summary judgment

that argued entitlement to judgment as a matter of law due to the overwhelming

evidence of consent. *Docket at 228*. In doing so, the Court noted the R & R concludes that the issue of consent in cases like this one is not a matter of law and instead requires a trial. *Docket at 228, p. 7*. The Court also stated the R & R is correct that the Third Circuit has not definitively ruled that consent is per se unavailable as a defense to constitutional claims alleging sexual harassment or abuse by an inmate against a prison employee. *Docket at 228, p. 8*. As explained above, this Court's ruling is consistent with *Sharkey*.

Nothing has changed. There remains overwhelming evidence of Plaintiff's consent as well as his feelings and description of his relationship with Zong. *Docket at 177, Appendix Exhibits D, E, F, G, H, I, J, L, M, N, R, S, T, U, V and X*. The law provides consent is a defense to the constitutional claims. See, *Phillips v. Bird*, 2003 U.S. Dist. LEXIS 22418 (D. Del. December 1, 2003)(Consensual sex between two adults does not constitute cruel and unusual punishment simply because it occurs within the walls of a prison.); *Stubbs v. DeRose*, 2007 U.S. Dist. LEXIS 17830 (M.D. Pa. 2007)(cited to *Philips* stating consensual sex between two adults does not constitute cruel and unusual punishment simply because it occurs within the walls of a prison.). Thus, the question of consent relative to liability on the constitutional claims is one for the jury.

Additionally, the evidence that supports consent, feelings and relationship is also relevant to damages. Plaintiff claims he suffered shame, humiliation, anxiety,

anger, depression, etc.  *Docket at 88, pgs. 66-70.*  Defendants should be permitted to present this evidence to the jury should they find liability and must assess damages.

Finally, consent is a defense to the state torts too.  Plaintiff seeks to preclude the defense of consent to the state tort claims citing to the *Phillies* case.  *C.C.H. v. Phila. Phillies, Inc.*, 940 A.2d 336 (Pa. 2008).  However, that case involved a minor as victim and plaintiff.  The Court stated "we conclude that, here the victim is less than 13 years of age, evidence of the victim's consent to sexual contact, like in criminal proceedings, is not an available defense in determining a defendant's civil liability."  *Id.*  Thus, *Phillies* does not preclude defense of consent in the case at bar where Plaintiff was at all times relevant hereto an adult.

Relatedly, consent and related evidence is pertinent to the quality of contact. See, *Montgomery v. Bazaz-Sehgal*, 742 A.2d 1125, 1130 (Pa. Super. 1999). Decidedly, no allegation of Assault *Per Se* or Battery *Per Se* (use of force or violence to do injury) has been made.  Thus, the evidence of consent, relationship and Plaintiff's statements regarding his feelings is relevant to nature and effect of any contact that occurred between he and Zong.  This is relevant not only to the elements of assault and battery, but the defense of consent and any damages that may be awarded.

More precisely, in a battery claim such as that at hand, there need be no physical injury, but only some contact; the matter of permission goes to the quality of the contact, and consent to being so touched is a defense.  See generally, *Chandler v. Cook*, 265 A.2d 794 (1970).

Per Section 18 of the Restatement Of Torts, which pertains to Battery: Offensive Contact,

(1) An actor is subject to liability to another for battery if

> (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and

(b) an offensive contact with the person of the other directly or indirectly results

(2) An act which is not done with the intention stated in Subsection (1, a) does not make the actor liable to the other for a mere offensive contact with the other's person although the act involves an unreasonable risk of inflicting it and therefore, would be negligent or reckless if the risk threatened bodily harm.

The Court has described Assault as an intentional attempt by force to do an injury to the person of another, and a battery as committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person.  *Renk v. City of Pittsburgh*, 641 A.2d 289, 295 (Pa. 1994).

"Implicit in the tort of battery is the recognition that an individual has a right to be free from unwanted and offensive or harmful intrusions *upon his own*

*body*. The tort of battery has traditionally been employed to redress this precise grievance. The essence of the tort "consists in the offense to the dignity involved in the unpermitted and intentional invasion of the inviolability of [the plaintiff's] person...." Thus, the Restatement recognizes that an intrusion upon the plaintiff's physical or personal dignity does occur where the defendant "throws a substance, such as water, upon the [plaintiff] or if [the defendant] sets a dog upon him" even though the defendant and plaintiff have not physically touched each other." *Herr v. Booten*, 580 A.2d 1115, 1117 (Pa. Super. 1990).   Therefore, it is respectfully submitted that Plaintiff' motion must be denied.

Respectfully submitted,

By:   /s/ Vincent R. Mazeski
        Vincent R. Mazeski, Assistant Counsel
        Attorney I.D. No. PA73795
        Pennsylvania Department of Corrections
        Office of Chief Counsel
        1920 Technology Parkway
        Mechanicsburg, PA  17050
        (717) 728-7763 Fax No.: (717) 728-0307
        Email: vmazeski@pa.gov

        /s/ Wayne E. Bradburn Jr.
        Wayne E. Bradburn Jr.
        Attorney I.D. No. PA 70227
        Decker Bradburn
        233 Easterly Parkway, Suite 103
        State College, PA  16801
        (814) 470-8023
        Fax No.:  (814) 826-2964
Dated:  January 22, 2021        Email: webradburn@comcast.net

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN LANDAU, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:15-CV-1327 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| MARIROSA LAMAS, *et al.*, | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I hereby certify that the within Brief has been filed electronically and is available for viewing and downloading from the ECF system by Counsel for Plaintiff and Counsel for Defendant Zong and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.R. 5.7.*

/s/ Vincent R. Mazeski
Vincent R. Mazeski
Assistant Counsel
Attorney I.D. No. PA73795
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7763

Dated:  January 22, 2021

9