# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN LANDAU, | : |
| Plaintiff, | : |
| v. | : 3:15-CV-1327 |
| | : (JUDGE MARIANI) |
| MARIROSA LAMAS, et al., | : |
| Defendants. | : |

## MEMORANDUM AND ORDER

The above-captioned action was filed in July, 2015, alleging federal constitutional law and state law tort claims by Plaintiff, Brian Landau, against current and former Pennsylvania Department of Corrections' ("DOC") employees and officials, arising out of alleged incidents of sexual harassment and assault by Defendant Rebecca Zong, a former DOC officer. Following the filing of an Amended Complaint in May of 2017 (Doc. 88) and the Court's resolution of the Defendants' motions for summary judgment in August of 2019 (see Docs. 227-230), the following nine claims remain pending for trial:[1]

    a. Count I – Violation of Eighth Amendment (sexual assault) against Defendant Zong.

---

[1] The seven remaining defendants in this action are Sgt. Tommy Rogers, CO Stacie Bumbarger, CO Matthew Foster, CO Lucas Nicholas, CO Cienfuegos, CO Trainee Miller, and Rebecca Zong.

b. Count II – Violation of Eighth Amendment (deliberate indifference) against Defendants Zong, Rogers, Bumbarger, Nicholas, Cienfuegos, Foster, and Miller.

   c. Count III – Violation of Fourteenth Amendment (invasion of privacy) against Defendants Zong, Rogers, Bumbarger, Nicholas, Cienfuegos, Foster, and Miller.

   d. Count IV – Violation of Fourth Amendment (unreasonable search and seizure) against Defendant Zong.

   e. Count V – Violation of Fourth and Eighth Amendments (failure to intervene) against Defendants Rogers, Bumbarger, Nicholas, Cienfuegos, Foster, and Miller.

   f. Count VI – Violation of Fourth and Eighth Amendments (failure to supervise) against Defendant Rogers.

   g. Count XII – Sexual Assault claim against Defendant Zong.

   h. Count XIII – Sexual Battery claim against Defendant Zong.

   i. Count XVI – Invasion of Privacy claim against Defendant Zong.

(*See* Doc. 230).

Trial in this matter is now scheduled to commence on May 2, 2022 (Doc. 269).

Presently before the Court is Plaintiff's Motion in Limine to Exclude Evidence of Prior Criminal Charges and Convictions (Doc. 246).

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Moreover, "pretrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to

the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

Here, Plaintiff's Motion in Limine to Exclude Evidence of Prior Criminal Charges and Convictions (Doc. 246) seeks to preclude evidence or reference to Plaintiff's conviction for third-degree murder, for which he is currently incarcerated, and a federal conviction for bank robbery which occurred when he was "a very young man." (Doc. 247, at 3).

In response to Plaintiff's motion, Defendants state that they seek only to introduce evidence that "Plaintiff is a convicted felon." (Doc. 255, at 1, 2). Defendants do not argue that they should be permitted to introduce evidence of, or to reference, the nature of Plaintiff's felony convictions.

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 401(b)(2). As explained by the Supreme Court:

> Federal Rule of Evidence 404(b) – which applies in both civil and criminal cases – generally prohibits the introduction of evidence of extrinsic acts that might

4

adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge. Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.

*Huddleston v. United States*, 485 U.S. 681, 685 (1988). Thus, "[t]he threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." *Id.* at 686. *See also*, *S.E.C. v. Teo*, 746 F.3d 90, 96 (3d Cir. 2014) (the Third Circuit has "long regarded this rule [Rule 404(b)] as inclusionary, meaning that evidence of other wrongful acts is admissible so long as it is not introduced *solely* to prove criminal propensity.")(internal quotation marks and brackets omitted)(emphasis in original).

Furthermore, in relevant part, pursuant to Federal Rule of Evidence 609,

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant. . .

Fed. R. Evid. 609(a). However, if more than ten years have passed since the witness' conviction or release from confinement, whichever is later, then the conviction is only admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and the proponent of the evidence "gives an

5

adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

Here, it is undisputed that Mr. Landau, the plaintiff, was convicted of a crime punishable by imprisonment for more than one year, to wit, murder in the third-degree, and that he remains incarcerated at this time. Thus, subject to Rule 403, this crime "must be admitted" pursuant to Rule 609.[2]

Federal Rule of Evidence 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury". Fed. R. Evid. 403. In the present action, a jury's evaluation of Mr. Landau's credibility is crucial to its determination of the factual issues it must decide. Evidence that Mr. Landau is a convicted felon is probative of his character for truthfulness and may aid the jury in weighing his testimony. Furthermore, where the events at issue all occurred during Mr. Landau's incarceration, the jury necessarily will already be aware that Mr. Landau was previously convicted of a crime. Thus, in light of Defendants' apparent concession that they are only seeking to introduce evidence that Mr. Landau is a convicted felon, and not the specific nature of his crimes, any prejudice Plaintiff may suffer by the admission of such evidence is minimal, at best. The probative value of evidence that

---

[2] Plaintiff does not provide any detail with respect to his federal conviction for bank robbery and the Court can therefore not engage in a meaningful analysis of the admissibility of this conviction. Nonetheless, Defendants' representation that they only seek to introduce evidence that Plaintiff is a convicted felon, and not of the specific underlying crimes, renders unnecessary any specific analysis as to the bank robbery.

6

Mr. Landau is a convicted felon is not substantially outweighed by a danger of unfair prejudice.

For these reasons, Plaintiff's Motion in Limine to Exclude Evidence of Prior Criminal Charges and Convictions will be denied, but Defendants will be limited to only introducing evidence that Plaintiff is a convicted felon. Any evidence or reference to the specific crime for which Mr. Landau is incarcerated, or his prior federal criminal conviction for bank robbery, will be precluded.[3]

**ACCORDINGLY, THIS** 12th **DAY OF JULY, 2021**, for the afore-stated reasons, Plaintiff's Motion in Limine to Exclude Evidence of Prior Criminal Charges and Convictions (Doc. 246) is **DENIED** as set forth herein.

Robert D. Mariani
United States District Judge

---

[3] The Court's exclusion of any evidence of the specific crimes for which Plaintiff has been convicted is subject to re-evaluation pursuant to Rules 403, 404, 609, and all other relevant evidentiary rules, should Plaintiff, in some way, place at issue the reason for his current incarceration and Defendant seeks to introduce evidence of his conviction(s) for the purpose of impeaching Plaintiff's testimony.