**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRIAN LANDAU,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **3:15-CV-1327** |
| | : | **(JUDGE MARIANI)** |
| **MARIROSA LAMAS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

The above-captioned action was filed in July, 2015, alleging federal constitutional

law and state law tort claims by Plaintiff, Brian Landau, against current and former

Pennsylvania Department of Corrections' ("DOC") employees and officials, arising out of

alleged incidents of sexual harassment and assault by Defendant Rebecca Zong, a former

DOC officer.  Following the filing of an Amended Complaint in May of 2017 (Doc. 88) and

the Court's resolution of the Defendants' motions for summary judgment in August of 2019

(*see* Docs. 227-230), the following nine claims remain pending for trial:[1]

        a.  Count I – Violation of Eighth Amendment (sexual assault) against

           Defendant Zong.

---

[1] The seven remaining defendants in this action are Sgt. Tommy Rogers, CO Stacie Bumbarger, CO Matthew Foster, CO Lucas Nicholas, CO Cienfuegos, CO Trainee Miller, and Rebecca Zong.

b. Count II – Violation of Eighth Amendment (deliberate indifference) against Defendants Zong, Rogers, Bumbarger, Nicholas, Cienfuegos, Foster, and Miller.

c. Count III – Violation of Fourteenth Amendment (invasion of privacy) against Defendants Zong, Rogers, Bumbarger, Nicholas, Cienfuegos, Foster, and Miller.

d. Count IV – Violation of Fourth Amendment (unreasonable search and seizure) against Defendant Zong.

e. Count V – Violation of Fourth and Eighth Amendments (failure to intervene) against Defendants Rogers, Bumbarger, Nicholas, Cienfuegos, Foster, and Miller.

f. Count VI – Violation of Fourth and Eighth Amendments (failure to supervise) against Defendant Rogers.

g. Count XII – Sexual Assault claim against Defendant Zong.

h. Count XIII – Sexual Battery claim against Defendant Zong.

i. Count XVI – Invasion of Privacy claim against Defendant Zong.

(*See* Doc. 230).

Trial in this matter is now scheduled to commence on May 2, 2022 (Doc. 269).

Presently before the Court is Plaintiff's Motion in Limine to Exclude Undisclosed Witnesses and Evidence (Doc. 240).

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F.Supp.3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to

the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

Mr. Landau's Motion in Limine to Exclude Undisclosed Witnesses and Evidence requests that the Court "prohibit defendants from calling any witness whom they did not identify with specificity in the Joint Case Management Plan . . . or in disclosures under Fed. R. Civ. P. 26 and from introducing evidence that was not disclosed or produced in discovery." (Doc. 240).

Federal Rule of Civil Procedure 26(a) governs the required disclosures by the parties and Rule 26(e) imposes a duty upon parties to, where necessary, timely supplement their discovery responses. Pursuant to Federal Rule of Civil Procedure 37, a district court may impose sanctions upon a party for, among other things, failing to provide discovery or failing to timely supplement discovery responses. Rule 37(c) provides, in relevant part:

(1) If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
   (B) may inform the jury of the party's failure; and
   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

4

Fed. R. Civ. P. 37(c)(1)(A)-(C).[2]

With respect to the "substantial justification" standard, the Third Circuit has

expressed agreement with a Middle District of Pennsylvania Court decision which found that

> "Substantial justification" for the failure to make a required disclosure has been
> regarded as justification to a degree that could satisfy a reasonable person that
> parties could differ as to whether the party was required to comply with the
> disclosure request. The test of substantial justification is satisfied if there exists
> a genuine dispute concerning compliance.

*Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140 n.19 (3d Cir. 2009)(quoting

*Tolerico v. Home Depot*, 205 F.R.D. 169, 175-176 (M.D. Pa. 2002)). In determining whether a

party's misconduct is "harmless", a Court must determine whether the misconduct "involves an

honest mistake, coupled with sufficient knowledge by the other party of the material that has

not been produced." *Tolerico*, 205 F.R.D. at 176 (quoting *Stallworth v. E-Z Serve*

*Convenience Stores*, 199 F.R.D. 366, 369, (M.D. Ala. 2001)). Examples of "harmless"

violations of Rule 26(a) include "the inadvertent failure to disclose the name of a potential

---

[2] The orders listed in Rule 37(b)(2)(A)(i)-(vi) include:

    (i)    directing that the matters embraced in the order or other designated facts be taken as
            established for purposes of the action, as the prevailing party claims;

    (ii)   prohibiting the disobedient party from supporting or opposing designated claims or
            defenses, or from introducing designated matters in evidence;

    (iii)  striking pleadings in whole or in part;

    (iv)  staying further proceedings until the order is obeyed;

    (v)   dismissing the action or proceeding in whole or in part;

    (vi)  rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

witness known to all parties or the failure to list as a trial witness a person listed by another party." *Id*.

In response to Plaintiff's motion, Defendants recognize that "preclusion is a possible sanction should they attempt to introduce any evidence not previously disclosed in violation of the rules of procedure." (Doc. 252, at 2). However, Defendants argue that "[u]nless and until any such evidence becomes an issue, it is not possible to tell if there is substantial justification or the failure is harmless." (*Id*.). This Court agrees. The Court is unaware of what evidence and witnesses Defendants may offer at the time of trial and Plaintiff's motion, requesting the preclusion of unknown and unidentified witnesses and evidence, is premature. The Court is not in a position to know either (1) whether Defendants will attempt to introduce evidence or present witnesses that Plaintiff asserts were not properly disclosed, and (2) whether such failure is substantially justified or harmless.[3]

_____ _____

[3] Although Plaintiff has presented only a generalized request that "undisclosed witnesses and evidence" be precluded at trial, and the Court is thus unaware of what evidence and/or witnesses may be subject to Plaintiff's motion, to the extent that Plaintiff's motion encompasses a request that one or more witness' testimony be limited due to an alleged violation of the Federal Rules of Civil Procedure by Defendants, the Court notes that in determining whether to exclude some or all of a witness' testimony due to the failure of a party to comply with pre-trial requirements, a Court should assess the following factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified,
>
> (2) the ability of that party to cure the prejudice,
>
> (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and
>
> (4) bad faith or willfulness in failing to comply with the district court's order.

*Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904-905 (3d Cir. 1977)). *See also, DeMarines v. KLM Royal Dutch Airlines,* 580 F.2d 1193, 1201-1202 (3d Cir. 1978). Additionally, the Court must take into consideration the significance of the practical importance of the excluded evidence. *DeMarines,* 580 F.2d at 1202. The Third Circuit has cautioned that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be

For the aforementioned reasons, Plaintiff's Motion in Limine to Exclude Undisclosed Witnesses and Evidence" (Doc. 240) will be denied without prejudice.

**ACCORDINGLY, THIS** \_\_\_\_1\_\_\_ᵗʰ **DAY OF JULY, 2021**, Plaintiff's Motion in Limine to Exclude Undisclosed Witnesses and Evidence (Doc. 240) is **DENIED WITHOUT PREJUDICE** to Plaintiff's timely and specific objection at trial on each occasion where he believes that evidence or testimony is being offered in violation of Federal Rule of Civil Procedure 26 or other pre-trial requirements.

Robert D. Mariani
United States District Judge

---

imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers,* 559 F.2d at 905 (citing *Dudley v. S. Jersey Metal, Inc.,* 555 F.2d 96, 99 (3d Cir. 1977)). In other words, the "exclusion of evidence is a drastic sanction which must pass the strict *Meyers* test to be upheld." *DeMarines,* 580 F.2d at 1202 (internal citation omitted).

    Thus, for the same reasons that the Court cannot engage in a Rule 37 analysis at this time, the Court is also not in a position to determine whether one or more witness' testimony must be precluded in part or in whole due to a possible failure by Defendants to comply with one or more pre-trial requirements.