THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN LANDAU,

    Plaintiff,

    v.

MARIROSA LAMAS, et al.,

    Defendants.

:CIVIL ACTION NO. 3:15-CV-1327

:(JUDGE MARIANI)

FILED
SCRANTON
MAR 16 2022
PER _____
DEPUTY CLERK

## MEMORANDUM OPINION

### I. INTRODUCTION

Here the Court considers Plaintiff Brian Landau's Motion *in Limine* to Exclude the Defense of Consent (Doc. 242). Plaintiff, an inmate in a Pennsylvania state prison at the relevant time, originally filed this action in July 2015 against twenty-one current and former Pennsylvania Department of Corrections ("DOC") employees and officials. Plaintiff asserted thirteen federal constitutional and state tort claims arising out of alleged incidents of sexual harassment and assault committed by Defendant Rebecca Zong, a former DOC corrections officer. Following extensive motion practice, the following claims set out in Plaintiff's Amended Complaint (Doc. 88) remain for trial: Count I – Violation of Eighth Amendment (sexual assault) against Defendant Zong; Count II – Violation of Eighth Amendment (deliberate indifference) against Defendants Zong, Rogers, Bumbarger, Nicholas, Cienfuegos, Foster, and Miller; Count III – Violation of Fourteenth Amendment (invasion of privacy) against Defendants Zong, Rogers, Bumbarger, Nicholas, Cienfuegos, Foster, and

Miller; Count IV – Violation of Fourth Amendment (unreasonable search and seizure) against Defendant Zong; Count V – Violation of Fourth and Eighth Amendments (failure to intervene) against Defendants Rogers, Bumbarger, Nicholas, Cienfuegos, Foster, and Miller; Count VI – Violation of Fourth and Eighth Amendments (failure to supervise) against Defendant Rogers; Count XII – Sexual Assault claim against Defendant Zong; Count XIII – Sexual Battery claim against Defendant Zong; and Count XVI – Invasion of Privacy claim against Defendant Zong. (*See* Doc. 230 ¶ 4.)

With the pending motion, Plaintiff asks the Court to "prohibit introduction of any testimony or evidence at trial that would tend to suggest consent to sexual activity on the part of the plaintiff in support of an affirmative defense of consent." (Doc. 242 at 1.) For the reasons that follow, the Court concludes that Plaintiff's motion is properly denied.

## II. ANALYSIS

With this Motion, Plaintiff seeks to preclude the use of consent as a defense to Plaintiff's sexual assault allegations. In support of his position, Plaintiff cites *E.D. v. Sharkey*, 928 F.3d 299, 308 (3d Cir. 2019). Plaintiff asserts that, in *Sharkey*, "the Third Circuit recently affirmed a district court's finding that a detainee cannot consent to sexual activity with a guard." (Doc. 243 at 2.) Based on the affirmance, Plaintiff maintains that "[i]t is now clear . . . that the Third Circuit has ruled out the affirmative defense of consent in the prison context. In the wake of that precedential ruling, it would be reversible error to entertain an affirmative defense of consent here." (*Id.* at 5.) Defendants counter that "the

2

availability of a consent defense was not squarely before the [*Sharkey*] Court nor specifically decided. However, the Court did note the issue is for the jury or fact finder." (Doc. 253 at 3-4.)

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.

The Court concludes that a close reading of the Third Circuit opinion and the District Court's relevant findings shows that, contrary to Plaintiff's argument, *Sharkey* did not rule out the affirmative defense of consent in the prison context. In the context of an interlocutory appeal of the District Court's denial of summary judgment in which the defendants asserted entitlement to qualified immunity on a female immigration detainee's claims related to sexual relations she had with a detention center employee, the Circuit Court agreed with the lower court that E.D.'s claims against the individual defendants alleged the violation of a known constitutional right. 928 F.3d at 303-07. The right

3

identified is "[t]he right to 'not be sexually assaulted by a state employee while in confinement.'" *Id.* at 307 (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 143 n.15 (3d Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994), and *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 726 (3d Cir. 1989))). The Circuit Court also noted that

> the District Court fittingly recognized that Sharkey's conduct was illegal in the state in which it occurred. He committed institutional sexual assault in violation of Pennsylvania Statute 18 Pa.C.S. § 3124.2, which forbids an employee of a "residential facility serving children and youth" from having sexual intercourse with a "detainee," regardless of whether the detainee gave consent. *See* 18 Pa.C.S. § 3124.2 (a).

928 F.3d at 308.

After concluding that the detention center defendants had notice that the individual employee's "conduct was violative and their purported failure to intervene and protect [the detainee] could be found to have violated the plaintiff's right to be free of sexual assault," *id.*, the Circuit Court noted the following:

> On appeal, the individual Defendants argue E.D. failed to allege a constitutional right violation because the sexual intercourse between Sharkey and E.D. was consensual. . . . We agree with the District Court that the evidence regarding whether the sexual intercourse was consensual "presents a sufficient disagreement to require submission to a jury," and therefore constitutes a genuine dispute of material fact. *Liberty Lobby*, 477 U.S. at 251-52, 106 S.Ct. 2505.
>
> However, given the findings of the District Court, which we adopt when reviewing the denial of summary judgment, we question whether the issue of consent will be deemed relevant at trial. *Schieber v. City of Phila.*, 320 F.3d [409, 415 (3d Cir. 2003)]. The Court found that E.D. was "detained" and that, under ICE policies and standards, as well as Pennsylvania law, any sexual contact between a staff member and a detainee constitutes sexual abuse *regardless of consent.* We find, therefore, the Court's factual findings

4

support its ruling that E.D. sufficiently pled a due process rights violation by alleging she and Sharkey had sexual contact, notwithstanding its finding that whether she consented to the contact is in dispute.

928 F.3d at 308.

The quoted material indicates that *Sharkey* did not, as argued by Plaintiff, affirm the District Court's "finding that a detainee cannot consent to sexual activity with a guard" (Doc. 243 at 2) or "rule out the affirmative defense of consent in the prison context" (*id.* at 5). To the contrary, the quoted material shows that the Circuit Court agreed with the District Court that "evidence regarding whether the sexual intercourse was consensual presents a sufficient disagreement to require submission to a jury, and therefore constitutes a genuine dispute of material fact."[1] 928 F.3d at 308 (internal quotation and citation omitted). Thus,

---

[1] The District Court disposed of the summary judgment motion by Order of March 27, 2017. *See E.D. v. Sharkey*, Civ. A. No. 16-2750, 2018 WL 11227442 (E.D. Pa. Mar. 27, 2018). A review of the Eastern District docket indicates that the memorandum opinion referenced in the March 27, 2018, Order, 2018 WL 11227442, at *3 n.7 (citing "Mem. Op. at 17, Doc. No. 56), is the May 16, 2017, Memorandum Opinion which decided the defendants' motions to dismiss. (*See* E.D. Pa. Civ. A. No. 16-2750 Doc. 56.) The May 16, 2017, Order concluded that "there are genuine issues of material fact concerning . . . whether the plaintiff and Danial Sharkey had a consensual sexual relationship," 2018 WL 11227442, at *2 n.3, and "the issue of whether the plaintiff's relationship with Danial Sharkey was consensual raises a genuine issue of material fact," *id.* at *3 n.7. Though, as set out in the text, the Circuit Court agreed with these findings, it also noted that "given the findings of the District Court, which we adopt when reviewing the denial of summary judgment, we question whether the issue of consent will be deemed relevant at trial. *Schieber v. City of Phila.*, 320 F.3d at 415." The Circuit Court's reason for questioning relevancy of the consent issue at trial cannot be gleaned from the Circuit Court's opinion or from the District Court's Order, Civ. A. No. 16-2750, 2018 WL 11227442 (E.D. Pa. Mar. 27, 2018). A review of *Scheiber* provides no insight on the matter in that *Schieber* did not address the issue of consent, but rather explained the Circuit Court's jurisdiction over a District Court order denying qualified immunity at the summary judgment stage:

> This Court has jurisdiction to review a District Court order denying qualified immunity at the summary judgment stage under the collateral order doctrine to the extent that the denial turns on questions of law. *Mitchell v. Forsyth*, 472 U.S. 511, 527–28, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We exercise plenary review over the questions of law. *See Eddy v. V.I. Water & Power Auth.*, 256 F.3d 204, 208 (3d Cir.2001). We have no jurisdiction, however,

the Court concludes that the availability of a consent defense was not squarely before the Circuit Court and dicta contained in the opinion does not suggest that the Circuit Court would foreclose the consent defense in an institutional sexual assault case as a matter of law.

Because Plaintiff has not shown that the Court of Appeals for the Third Circuit has ruled out consent as a defense to an Eighth Amendment claim involving an alleged sexual assault by a prison employee, the Court concludes that Plaintiff has presented no basis to alter the analysis and conclusion set out in the Court's August 1, 2019, Memorandum Opinion that the disputed factual record on the issue of consent presents matters properly considered by a jury (see Doc. 228 at 8-16).

Recent decisions from other circuit courts and a Third Circuit District Court further support this determination. In his Report and Recommendation, Magistrate Judge Martin C. Carlson listed cases indicating an acceptance of consent as a defense to constitutional tort claims to include decisions from the Sixth, Eighth, Ninth, and Tenth Circuits. (Doc. 203 at 14 (citing *Graham v. Sheriff of Logan Cty.*, 741 F.3d1118, 1124 (10th Cir. 2013); *Wood v.*

---

in an interlocutory appeal to review a District Court's determination that there is sufficient record evidence to support a set of facts under which there would be no immunity. See *Johnson v. Jones,* 515 U.S. 304, 313, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). Thus, where the District Court has adopted a set of facts for the purpose of ruling on the qualified immunity issue, we must accept those facts when reviewing a denial of immunity. *Id.* at 319, 115 S.Ct. 2151.

*Schieber,* 320 F.3d at 415.

*Beauclair*, 692 F.3d 1041, 1049 (9th Cir. 2012); *Hall v. Beavin*, 202 F.3d 268 (6thCir. 1999); and *Freitas v. Ault*, 109 F.3d 1335,1338 (8th Cir. 1997)).) Since then, the Sixth Circuit has confirmed that the consent defense is available and joined the Ninth Circuit in adopting a rebuttable presumption that sexual conduct between prison officials and persons behind bars was nonconsensual. *Hale v. Boyle County*, 14 F.4th 845, 854 (6th Cir. 2021) (citing *Rafferty v. Trumbull County*, 915 F.3d 1087, 1096 (6th Cir. 2019); *Wood*, 692 F.3d at 1047-49). *Wood* explains its approach as follows:

> While we understand the reasons behind a per se rule that would make prisoners incapable of legally consenting to sexual relationships with prison officials, we are concerned about the implications of removing consent as a defense for Eighth Amendment claims. On the other hand, allowing consent as a defense may permit courts to ignore the power dynamics between a prisoner and a guard and to characterize the relationship as consensual when coercion is clearly involved. We believe the better approach is a rule that explicitly recognizes the coercive nature of sexual relations in the prison environment. Therefore, when a prisoner alleges sexual abuse by a prison guard, we believe the prisoner is entitled to a presumption that the conduct was not consensual. The state then may rebut this presumption by showing that the conduct involved no coercive factors. We need not attempt to exhaustively describe every factor which could be fairly characterized as coercive. Of course, explicit assertions or manifestations of non-consent indicate coercion, but so too may favors, privileges, or any type of exchange for sex. Unless the state carries its burden, the prisoner is deemed to have established the fact of non-consent.

692 F.3d at 1048–49.

In *Walker v. County of Gloucester*, ---F. Supp. 3d---, 2022 WL 221164 (D.N.J. Jan. 25, 2022), the District Court analyzed the "middle-ground that recognizes the severe power imbalance between a corrections officer and an inmate, but also respects the autonomy of the inmate." 2022 WL 221164, at *2 (citing *Wood*, 692 F.3d at 1047-49; *Hale*, 18 F.4th at

854). Finding "no recent circuit court opinions that readily conflict with this view," the District Court denied the plaintiff's motion in limine to exclude evidence of consent and allowed the defendants to "produce evidence at trial of non-coerciveness which rebuts the presumption that the sexual contact was non-consensual or coercive." *Id.* at *3.

This Court agrees with this position which recognizes the power imbalance inherent in the guard/inmate context yet recognizes that "inmates are adults and not incompetents or children," *id.* Therefore, Plaintiff's Motion *in Limine* to Exclude the Defense of Consent (Doc. 242) will be denied and Defendants will be allowed to present evidence of non-coerciveness consistent with this opinion.

### III. CONCLUSION

For the reasons discussed above, the Court will deny Plaintiff's Motion *in Limine* to Exclude the Defense of Consent (Doc. 242). A separate Order will be entered.

Robert D. Mariani
United States District Judge