THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN LANDAU,

    Plaintiff,

    v.

MARIROSA LAMAS, et al.,

    Defendants.

:CIVIL ACTION NO. 3:15-CV-1327

:(JUDGE MARIANI)

FILED
SCRANTON
MAR 1 6 2022
PER _____
DEPUTY CLERK

## MEMORANDUM OPINION

### I. INTRODUCTION

Here the Court considers Plaintiff Brian Landau's Motion *in Limine* to Exclude Letter Under Rules 401, 403, & 412(b)(2) (Doc. 244). Plaintiff, an inmate in a Pennsylvania state prison at the relevant time, originally filed this action in July 2015 against twenty-one current and former Pennsylvania Department of Corrections ("DOC") employees and officials. Plaintiff asserted thirteen federal constitutional and state tort claims arising out of alleged incidents of sexual harassment and assault committed by Defendant Rebecca Zong, a former DOC corrections officer. Following extensive motion practice, the following claims set out in Plaintiff's Amended Complaint (Doc. 88) remain for trial: Count I – Violation of Eighth Amendment (sexual assault) against Defendant Zong; Count II – Violation of Eighth Amendment (deliberate indifference) against Defendants Zong, Rogers, Bumbarger, Nicholas, Cienfuegos, Foster, and Miller; Count III – Violation of Fourteenth Amendment (invasion of privacy) against Defendants Zong, Rogers, Bumbarger, Nicholas, Cienfuegos,

Foster, and Miller; Count IV – Violation of Fourth Amendment (unreasonable search and seizure) against Defendant Zong; Count V – Violation of Fourth and Eighth Amendments (failure to intervene) against Defendants Rogers, Bumbarger, Nicholas, Cienfuegos, Foster, and Miller; Count VI – Violation of Fourth and Eighth Amendments (failure to supervise) against Defendant Rogers; Count XII – Sexual Assault claim against Defendant Zong; Count XIII – Sexual Battery claim against Defendant Zong; and Count XVI – Invasion of Privacy claim against Defendant Zong. (*See* Doc. 230 ¶ 4.)

With the pending motion, Plaintiff asks the Court to "prohibit defendants from introducing into evidence a letter dated July 7, 2014 and addressed to 'Mike.'" (Doc. 244 at 1.) For the reasons that follow, the Court concludes that Plaintiff's motion is properly denied.

## II. ANALYSIS

With this Motion, Plaintiff seeks to preclude the introduction of the July 2014 letter on three grounds: 1) the letter is irrelevant if the Court excludes the defense of consent which is the subject of another motion in limine; 2) if the letter is deemed relevant, it should be excluded under Rule 403 because the coarse language of the letter may be offensive to jurors; and 3) if the Court finds the letter admissible, Defendants must move for its admission and the Court must hold an in camera hearing to determine its admissibility pursuant to Federal Rule of Evidence 412. (Doc. 245 at 3-4.) Defendants assert that they should be able to introduce the letter into evidence because it is Plaintiff's own written word

about Defendant Zong which disproves claims of sexual abuse and rape by Defendant Zong. (Doc. 254 at 3.)

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000). The Supreme Court has long recognized that "[a] reviewing court is handicapped in an effort to rule on subtle evidentiary questions outside a factual context." *Luce v. United States*, 469 U.S. 38, 41 (1984). Thus, a district court's ruling on a motion in limine "is subject to change when the case unfolds." *Id.* While this is particularly so if the actual testimony at trial differs from what was anticipated in a party's motion in limine, but "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id.* at 41-42.

The Third Circuit has also emphasized that "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990).

The Court concludes that Plaintiff's first basis to exclude the July 2014 letter is moot because the Court has ruled that consent is an available defense in this case. (*See* Docs. 272, 273.)

Plaintiff's Rule 403 argument is unavailing. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The July 2014 letter is probative of Plaintiff's feelings about his involvement with Defendant Zong. Any danger of prejudice attendant to introduction of the letter based on the "coarse language of the letter" (Doc. 245 at 3) cannot be considered unfair because Plaintiff is the author of the July 2014 letter and the language is his own. Because consent is an available defense, any indication in the letter that Plaintiff consented to sexual contact with Defendant Zong cannot be seen as "confusing the issues," Fed. R. Evid. 403. Similarly, introduction of the letter cannot be seen as "misleading the jury" in that its relevance to a consent defense is undisputed and, as Plaintiff recognizes, he will have an opportunity to explain and contextualize the content of the letter (*see* Doc. 245 at 3). Regarding whether the

4

considerations of "undue delay, wasting time, or needlessly presenting cumulative evidence" apply here, Plaintiff presents no argument that the letter should be precluded on these grounds.

Finally, Plaintiff's conclusory assertion that Federal Rule of Evidence 412 applies to the July 2014 letter does not show that the rule's provisions apply in the circumstances presented here. Rule 412 addresses "Sex-Offense Cases: The Victim's Sexual Behavior or Predisposition." Plaintiff asserts that he is a "victim" for Rule 412 purposes because, pursuant to Rule 412(d), the term "includes an alleged victim." (Doc. 245 at 4.)

Rule 412 provides in pertinent part: "The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct: (1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a).

Plaintiff does not discuss how the July 2014 letter is indicative of his "other sexual behavior" or his "sexual predisposition" such that it would be inadmissible under Rule 412(a). Therefore, Plaintiff has not shown that the introduction of the letter is precluded under Rule 412. However, with this finding, the Court also notes that, should Defendants seek to offer the letter for a purpose identified in Rule 412(a), they must meet the requirements of the rule before trial commences. See Fed. R. Evid. 412(c).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion *in Limine* to Exclude Letter Under Rules 401, 403, & 412(b)(2) (Doc. 244) will be denied. A separate Order will be entered with this Memorandum Opinion.

					_____
					Robert D. Mariani
					United States District Judge